IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:14cr640-MHT** |
| | ) | **(WO)** |
| **BROCRICK McCALL, LASHUNDRA** | ) | |
| **D. McFOLLEY, BENNICA S.** | ) | |
| **TAYLOR, and KATRINA** | ) | |
| **TIMMONS** | ) | |

OPINION AND ORDER

This cause is before the court whether the jury selection and trial of all four defendants, Brocrick McCall, Lashundra D. McFolley, Bennica S. Taylor, and Katrina Timmons, should be continued. McCall, McFolley, and Taylor made oral motions to continue on March 27, 2015. For the reasons set forth below, the court finds that jury selection and trial, now set for April 6, 2015, should be continued for all four defendants pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the

court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The Act also excludes from the 70-day period "[a]

2

reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McCall, McFolley, and Taylor in a speedy trial.  Prior to the hearing held on March 27, all four defendants (McCall, McFolley, and Taylor as well as Timmons) were represented by the same attorney.  That attorney filed motions to withdraw as to three of them, McCall, McFolley, and Taylor.  The hearing was set to determine the propriety of the withdrawals, as well as to allow different counsel to enter appearances, should the need arise.  At the hearing, the court granted the withdrawal motions as to McCall, McFolley, and Taylor.  It then allowed a separate new attorney for each of these three defendants to enter an appearance.  Each of them had not, until shortly before the hearing, met his or her

new counsel. These three defendants and their new counsel had only had enough time to exchange the most basic information, such as contact information. Clearly, this short amount of time cannot afford new counsel for each defendant adequate time to prepare for trial, taking into account the exercise of due diligence. For this reason, the court concludes that a trial continuance is warranted for McCall, McFolley, and Taylor.

As to Timmons, who has not requested a continuance of her trial, her statutory right to a speedy trial is not violated by the grant of a continuance in the cases of her three codefendants, with whom Timmons will be tried. This additional time is excluded from Timmons's Speedy Trial Act computation as a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Indeed, the Speedy Trial Act provision quoted here exists to allow joint trials of

codefendants in exactly this sort of situation. See United States v. Varella, 692 F.2d 1352, 1358-59 (11th Cir. 1982) (holding that a defendant's statutory speedy trial right was not violated by a four-month delay attributable to later apprehension of some codefendants and pretrial motions of some codefendants).

\* \* \*

Accordingly, it is ORDERED as follows:

(1) Defendant Brocrick McCall's oral motion for continuance, made on the record on March 27, 2015, is granted.

(2) Defendant Lashundra D. McFolley's oral motion for continuance, made on the record on March 27, 2015, is granted.

(3) Defendant Bennica S. Taylor's oral motion for continuance, made on the record on March 27, 2015, is granted.

(4) The jury selection and trial for defendants McCall, McFolley, Taylor, and Katrina Timmons, now set for April 6, 2015, are reset for May 4, 2015, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 30th day of March, 2015.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**