IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:14cr640-MHT |
| | ) | (WO) |
| BROCRICK McCALL, LASHUNDRA | ) | |
| D. McFOLLEY, BENNICA S. | ) | |
| TAYLOR, and KATRINA | ) | |
| TIMMONS | ) | |

OPINION AND ORDER

This cause is before the court on whether the jury

selection and trial of all four defendants, Brocrick

McCall, Lashundra McFolley, Bennica Taylor, and Katrina

Timmons, should be continued.  Taylor filed a written

motion to continue, and McCall, McFolley, and Timmons

made oral motions to continue on the record on April

21, 2015.  For the reasons set forth below, the court

finds that jury selection and trial, now set for May 4,

2015, should be continued for all four defendants

pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the

sound discretion of the trial judge, United States v.

Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McCall, McFolley, Taylor, and Timmons in a speedy trial.  Two of the defendants, Taylor and McFolley, have applied for pretrial diversion, and counsel for the government stated on the record that he believes it is likely that all four defendants will eventually apply for pretrial diversion.  Counsel for the government further represents that it takes about 45 to 60 days to process a pretrial-diversion application.  Since Taylor and McFolley both applied only recently, and McCall and Timmons have yet to apply, the applications for all four are unlikely to be processed by the May 4 trial date.  A continuance is warranted to enable all four defendants the opportunity to apply for pretrial diversion, that is, a continuance is necessary to enable the defendants to effectively prepare for trial by exploring their pretrial-diversion options.

Also, the government agrees to the continuance for all four defendants.

* * *

Accordingly, it is ORDERED as follows:

(1)   Defendant Bennica S. Taylor's written motion to continue trial (doc. no. 54) is granted.

(2)   Defendant Brocrick McCall's oral motion to continue trial, made on the record on April 21, 2015, is granted.

(3)   Defendant Lashundra D. McFolley's oral motion to continue trial, made on the record on April 21, 2015, is granted.

(4)   Defendant oral Katrina Timmons's oral motion to continue trial, made on the record on April 21, 2015, is granted.

(5)   The jury selection and trial for defendants Taylor, McCall, McFolley, and Timmons, now set for May 4, 2015, are reset for July 27, 2015, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse

4

Complex,   One   Church   Street,   Montgomery,

Alabama.

DONE, this the 22nd day of April, 2015.


_____/s/ Myron H. Thompson_____
**UNITED STATES DISTRICT JUDGE**